IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| COREY L. HARRIS, SR., <br><br> Petitioner <br><br> v. <br><br> WARDEN SUTTER, <br><br> Respondent | 1:24-CV-0065-SPB-RAL <br><br> SUSAN PARADISE BAXTER <br> United States District Judge <br><br> RICHARD A. LANZILLO <br> Chief United States Magistrate Judge <br><br> REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS AND PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS <br><br> ECF Nos. 10 and 14 |

REPORT AND RECOMMENDATION

I.   Recommendation

It is respectfully recommended that Respondent's motion to dismiss [14] be granted and that the petition for habeas corpus filed by Petitioner Corey L. Harris, Sr. pursuant to 28 U.S.C. § 2254 [10] be denied. It is further recommended that no certificate of appealability issue.

II.   Report

    A.   Introduction

Petitioner, an inmate formerly incarcerated at the Erie County Prison,[1] initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the

---

[1] The most recent mailings to Petitioner at the Erie County Prison returned to the Court marked "unable to forward."

1

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[2] ECF No. 10. Although his petition is not a model of clarity, it appears that Petitioner is challenging an Indirect Criminal Contempt (ICC) complaint filed in the Erie County Court of Common Pleas on October 23, 2023, at docket number CP-25-MD-000586-2023. *Id*. Petitioner claims that the ICC complaint violated the 4th, 5th, and 6th Amendments to the United States Constitution, the "E-Commerce Clause," and that the Court of Common Pleas "lacked jurisdiction." *Id*. at pp. 2-5, 8. Because it appears that the ICC complaint was subsequently withdrawn, the petition should be denied as moot.

B.   Background

A review of Petitioner's state court docket indicates that the ICC complaint at issue was filed on October 23, 2023. *See Commonwealth v. Harris*, Docket No. CP-25-MD-000586-2023 (Pa. Ct. Com. Pl. 2023). Petitioner's bail was revoked on February 14, 2024. *Id*. Following a series of unsuccessful motions for reconsideration and appeals, the ICC complaint was withdrawn by the Commonwealth on June 26, 2024. ECF No. 8-1. The withdrawal of the complaint was approved by Judge Marshall J. Piccinini of the Erie County Court of Common Pleas on the same date. *See* ECF No. 8-2. The Court may take judicial notice of these facts because the state court docket and the orders and filings entered therein are matters of public record. *See, e.g., Guidotti v. Legal Helpers Debt Resolution*, 716 F.3d 764, 722 (3d Cir. 2013); *United States v. Hoffert*, 2018 WL 4828628, at *1 (W.D. Pa. Oct. 4, 2018) ("[A] court may take judicial notice of relevant prior court orders, including orders in other cases.") (citing *Mina v. United States Dist. Court for E. Dist. of Penn.*, 710 Fed. Appx. 515, 517 n. 3 (3d Cir. 2017)).

---

[2] Although Petitioner invoked § 2254, it appears that he was a pre-trial detainee with respect to the ICC charge at the time that he filed his petition. As such, his petition is more properly analyzed under 28 U.S.C. § 2241. *See, e.g., Dent v. Irwin*, 2024 WL 450036, at *1 (W.D. Pa. Feb. 6, 2024) ("While § 2254 applies to post-trial challenges, a state criminal defendant seeking relief before a state judgment has been rendered may proceed pursuant to the more general habeas corpus statute, 28 U.S.C. § 2241, in very limited circumstances.").

C.     Analysis

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "'To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and <u>likely to be redressed by a favorable judicial decision</u>.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (emphasis added) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. *Id.* at 147-48; *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013).

In many habeas cases, the crucial issue with respect to mootness is whether "some concrete and continuing injury other than the now-ended incarceration or parole" might still be amenable to remedy. *Spencer*, 523 U.S. at 7. In other words, there still may be a case or controversy before the court – even if the injury that a complaining party seeks to remedy through litigation no longer exists – if there is a "collateral injury" that is "likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lewis*, 494 U.S. at 477); *Burkey*, 556 F.3d at 147-51. This is not the case, however, when a criminal charge is entirely withdrawn. In such circumstances, there is simply no longer any relief that the Court can provide.

Applying these principles to the instant case, the Court concludes that this matter is indeed moot. Because the Commonwealth withdrew the ICC complaint, Petitioner is no longer in custody

or subject to a state conviction or judgment on that charge. Accordingly, there is no longer any habeas relief that this Court can provide. *See, e.g., Spencer*, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so."). Petitioner's habeas petition should be dismissed, with prejudice, and this case marked closed.

III.    Certificate of Appealability

The Antiterrorism and Effective Death Penalty Act of 1996 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claims should be denied as untimely. Accordingly, no certificate of appealability should issue.

IV.  Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. *See* Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

DATED this 9th day of July, 2025.

SUBMITTED BY:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE